IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TAILEIA M. GLASS, | § § § | |
| Plaintiff, | § § | |
| v. | § | 6:16-CV-341-RP-JCM |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, et al., | § § § § | |
| Defendants. | § § | |

**ORDER**

Plaintiff Taileia Glass ("Plaintiff" or "Ms. Glass"), who is proceeding *pro se* and *in forma pauperis*, alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964.[1] (Am. Compl., Dkt. 7).[2] Heart of Texas Workforce Board, Inc., doing business as Workforce Solutions Heart of Texas, ("Workforce Solutions") and the Texas Workforce Commission ("Workforce Commission") are both defendants and have both filed motions to dismiss Ms. Glass's complaint. (Workforce Solutions Mot. Dismiss, Dkt. 21; Workforce Commission Mot. Dismiss, Dkt. 28).

Both motions were referred to Magistrate Judge Jeffrey Manske for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), and Rule 1(d) of Appendix C of the local rules. The magistrate judge subsequently submitted his Report and Recommendation, which recommends not only that the instant motions be granted but also that the undersigned dismiss Plaintiff's claims against the Texas Health and

---

[1] In addition to her constitutional and discrimination claims, Glass alleges a variety of other conclusory claims including retaliation, a whistleblower violation, a Health Insurance Portability and Accountability Act (HIPAA) violation, a Privacy Act of 1974 ("Privacy Act") violation, and various additional claims.

[2] The Court ordered Plaintiff to submit an amended complaint because the first iteration was "completely devoid of any discussion of the facts of her case or the nature of her claims." (R. & R., Dkt. 49, at 3).

1

Human Services Commission ("THHSC") *sua sponte*. Ms. Glass timely filed[3] her objections to the Report and Recommendation, thereby securing de novo review of Defendants' motions by the district court.

**I. DISCUSSION**

Plaintiff objects that (1) she hoped the magistrate judge would revisit his prior decision declining to appoint counsel before ruling on Defendants' motions to dismiss, (Obj., Dkt. 52, at 1); (2) the magistrate judge's conclusions regarding Plaintiff's improper service of THHSC are erroneous because THHSC's "acknowledgement of service is on file with the court," (*id.* at 2); (3) the Report and Recommendation "simply does not discuss in totality the case and the violations," (*id.*); (4) the magistrate judge "prematurely recommends against Plaintiff's right to an amended complaint," (*id.* at 5); and the magistrate judge "wrongly concluded that discovery would not allow Plaintiff to show 'how evidence sought will raise a genuine issue of material fact,'" (*id.*).

The Report and Recommendation includes a thorough discussion of the background of this case and the applicable law. (R. & R., Dkt. 49). The undersigned's *de novo* review thereof confirms that (1) the magistrate judge correctly concluded that Plaintiff—despite two attempts to plead her case—fails to state a federal claim upon which relief can be granted; and (2) the Court should not exercise jurisdiction over Plaintiff's state law claims. The undersigned will therefore offer a more detailed analysis only of Plaintiffs' first and second objections.

As noted above, Plaintiff objects that the magistrate judge should have revisited his prior decision declining to appoint counsel before ruling on Defendants' motions to dismiss. (Obj., Dkt. 52, at 1). Plaintiff first requested the appointment of counsel on August 29, 2016. (Dkt. 3). The

---

[3] The Report and Recommendation of the magistrate judge was entered on February 6, 2018, (Dkt. 49); Ms. Glass's objections were filed on February 21, (Dkt. 51). A party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of a Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Three days are added to that time period when, as was the case here, a party is served by mail. Fed. R. Civ. P. 6(d).

2

magistrate judge denied that request in a text order, explaining that he found "no exceptional circumstances necessitating appointment of counsel" and noting that "[t]he Court may revisit this issue as circumstances warrant." Plaintiff filed a second motion to appoint counsel in September 2016, (Dkt. 8); that motion was also denied. No motion for appointment of counsel was pending when the magistrate judge entered his Report and Recommendation, and Plaintiff has not offered any legal argument suggesting that the magistrate judge's dispositions of her previous motions to appoint counsel were erroneous.

The Court next turns to Plaintiff's argument that the magistrate judge's conclusions regarding service of THHSC are erroneous because THHSC's "acknowledgement of service is on file with the court," (Obj., Dkt. 52, at 2).

The Report and Recommendation states that, "[w]hile the United States Marshals Service attempted service upon Defendant THHSC exactly as Plaintiff instructed, her instructions [did not] comport with the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code." (R. & R., Dkt. 49, at 2).[4] The "acknowledgment of service" on file with the court shows that Ms. Glass directed the Marshals Service to serve THHSC at 4405 North Lamar Blvd. in Austin, Texas via certified mail with return receipt requested. (Process Receipt, Dkt. 27). An annotation by the Marshals implies that the mail was returned to sender, suggesting that service may indeed have been deficient.

However, Plaintiff misunderstands the import of the magistrate judge's conclusions regarding her service of THHSC. The Report and Recommendation does not recommend dismissal of Plaintiff's claims against THHSC because of her failure to properly serve that agency. Rather, the

---

[4] The Federal Rules provide that a state-created governmental organization subject to suit must be served either by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

3

magistrate judge recommends those claims be dismissed *sua sponte* because Plaintiff has failed to state a claim upon which relief can be granted.

A district court is "authorized to consider the sufficiency of [a] complaint on its own initiative" and "may dismiss [a plaintiff's claims] 'as long as the procedure employed is fair.'" *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (internal citations and quotation marks omitted). A court is not required to provide a plaintiff with notice prior to *sua sponte* dismissal for failure to state a claim, so long as the plaintiff has alleged her "best case." *Id.* (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Ind. School Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). While it is unclear what exact circumstances allow a court to conclude that a plaintiff has alleged her "best case," existing jurisprudence does not suggest that the situation now before this court—in which a *pro se* plaintiff has only amended her complaint once—constitutes one such circumstance. *See Davoodi*, 755 F.3d at 310 n.1 (suggesting that the *Jacquez* court concluded the plaintiff had alleged his best case because he "repeatedly represented that his complaint adequately stated the cause of action and refused to file a supplemental complaint even in the face of a motion to dismiss").

## II. CONCLUSION

The Report and Recommendation of United States Magistrate Judge Jeffrey Manske, (Dkt. 49), is **ADOPTED IN PART** and **REJECTED IN PART**. The Motions to Dismiss filed by Heart of Texas Workforce Board, Inc., doing business as Workforce Solutions Heart of Texas, (Dkt. 21), and the Texas Workforce Commission, (Dkt. 28), are **GRANTED**. Plaintiff's claims against the Texas Health and Human Services Commission, however, remain pending.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, the United States Marshal serve a copy of Plaintiff's Complaint and summons upon the

4

Texas Health and Human Services Commission[5] as directed by Plaintiff. The Clerk's Office is directed to provide Plaintiff with the appropriate number of marshal forms. Plaintiff shall complete the marshal forms provided by the Clerk's Office and return both the completed summons and marshal forms, along with a copy of her Amended Complaint. Plaintiff must provide the Clerk's Office with those materials on or before Friday, March 16, 2018.

**SIGNED** on February 27, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[5] The Texas Health and Human Services Commission, led by Executive Commissioner Charles Smith, is headquartered at 4900 N. Lamar Boulevard in Austin, Texas, 78751-2316. The Texas Civil Practice & Remedies Code provides that service may be made "on the administrative head of the governmental unit being sued." (Tex. Civ. Prac. & Rem. Code § 101.102).